[Civ. No. 1755. Fourth Appellate District.—March 5, 1937.]

J. J. HARRINGTON, Appellant, v. CLARENCE HOFF-MEYER et al., Respondents.

Halbert & Stone for Appellant.

John Preston King for Respondents.

BARNARD, P. J.—The plaintiff purchased from the defendant Dotts a second-hand automobile engine and employed the defendant Hoffmeyer to install the same on his ranch for the purpose of operating a pumping plant. Hoffmeyer brought an action in a justice's court to recover for his services in installing the engine. Thereupon the plaintiff brought this action, claiming damage to certain crops alleged to have been caused by a breach of warranty with respect to the engine. To prevent a multiplicity of actions the trial court issued an order restraining the justice court from proceeding in that action. The defendant Hoffmeyer filed a cross-complaint asking for the value of his services in installing the engine, and the defendant Dotts filed a cross-complaint for the purchase price of the engine. In answering the cross-complaints the plaintiff alleged that he had agreed to purchase the engine subject to its being installed on his ranch in such a way that it would operate upon "fuel oil" in a manner satisfactory to him, and that he had agreed to pay Hoffmeyer when the engine was successfully installed so that it would operate upon fuel oil. The court found in favor of the defendants and cross-complainants on all issues and entered judgment against plaintiff on his complaint and in favor of the two defendants on their cross-complaints. The plaintiff appealed from the entire judgment but has abandoned the appeal except as to the $125 awarded to Dotts for the purchase price of the engine and as to an item of $6.50 which was included in the judgment in favor of Hoffmeyer.

It is first contended that the evidence does not support the findings and judgment in favor of Dotts covering the purchase price of the engine. It is argued that the engine was warranted to operate upon fuel oil, but would not do so, that the appellant had the right to try the engine, and that he notified the vendor within thirty days that the engine was unsatisfactory. The respondent Dotts admitted that he had told the appellant that he might "try" the engine. While the evidence is conflicting upon every point there is evidence justifying the inference that the appellant bought the engine as it was before it was installed, and that nothing

was said by the respondent Dotts about its operating upon fuel oil. There is also evidence that when installed the engine did operate on fuel oil, but later would not operate on another cheaper grade of fuel oil. While there is evidence that within thirty days the appellant offered to return the engine to Dotts, this offer was coupled with the condition that Dotts pay Hoffmeyer for installing the engine. Dotts had nothing to do with the contract between the appellant and Hoffmeyer for the installation of the engine and refused the offer as made, although at that time he offered to take the engine back and ''call it quits''. The evidence justifies the inference that no other offer to return the engine was made and that the appellant kept the engine for months thereafter and until these actions were brought. No more than a conflict appears, and the evidence supports the findings and judgment in this regard.

The only other point raised is that there is no evidence to support the inclusion of a certain $6.50 in the judgment awarded Hoffmeyer. In his cross-complaint Hoffmeyer alleged that he had incurred costs in this amount in the justice court action, above referred to, and asked judgment for that amount in addition to the $75 claimed for his services. The court found that Hoffmeyer had incurred $6.50 as costs in the justice court action and awarded him $81.50, together with costs in this action. If it could be assumed that such costs in another action might have been recovered in this action, we find no evidence in the record to sustain the finding that such an amount had been expended. The respondent argues that objection to this item was waived because the appellant failed to make a motion to tax the costs in this action in accordance with section 1033, subdivision 2, of the Code of Civil Procedure. The matter in question had no connection with the costs in this action and no waiver appears.

For the reasons given, that part of the judgment which was in favor of the respondent Hoffmeyer is modified by deducting therefrom the sum of $6.50 and, as so modified, the judgment appealed from is affirmed. The respondents to recover their costs.

Marks, J., and Jennings, J., concurred.